[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE #123
The defendants, John L. Haymond, Esq., Robert E. Healey, Esq., Haymond Lundy, and Haymond, Napoli Diamond, P.C., move to strike the apportionment complaint of defendants Neistat and Mason and Mark Neistat, Esq.
The plaintiff, Bonnie Carpenter, initiated this legal malpractice action on June 19, 2001, against the defendants, Jeffrey Dressler d/b/a Law Offices of Dressler and Associates, LLC and Mark Neistat d/b/a Law Offices of Neistat and Mason. On June 20, 2001, Neistat filed an apportionment complaint against John Haymond, Robert Healey, Haymond 
Lundy, and Haymond, Napoli Diamond. In count one, Neistat alleges that the plaintiff terminated his services in 1999 and hired Haymond and Healey. Neistat further alleges that Haymond and Healey were negligent in representing the plaintiff, and that Haymond's negligence was a substantial factor in contributing to any of the plaintiffs injuries or damages. Neistat asserts this same negligence claim against Haymond 
Lundy, and Haymond, Napoli Diamond in counts two and three, respectively.
Pursuant to General Statutes § 52-102b (d), the plaintiff filed a second amended complaint with five counts on September 6, 2001, which alleges the following facts. The plaintiff hired Dressler and Neistat in 1994 to represent her in a law suit against Nicholas Delucco for personal injuries she sustained in an automobile accident. The plaintiff alleges that both attorneys "a. failed to obtain prior to litigation an economic CT Page 1941 expert and/or vocational expert to substantiate and/or prove the plaintiffs loss of income and diminished earning capacity; b. failed to properly present and document to the applicable insurance cater during development of the claim and settlement negotiations, Ms. Carpenter's claim for loss of income and diminished earning capacity; c. failed to properly present and document to the court during pretrial conferences the plaintiffs claim for loss of income, benefits and diminished earning capacity; d. failed to prepare, file and serve a timely disclosure of expert witness (s), i.e., an economic and/or vocational experts within the time limit ordered by the Court at pretrial conferences; f. failed to act in the best interests of Ms. Carpenter; and, g. otherwise failed to prosecute Ms. Carpenter's lawsuit with the care, skill and/or diligence exercised by attorneys similarly situated." As a result, the plaintiff alleges in counts one and two, respectively, that Dressier and Neistat breached their duty to exercise reasonable care, skill and diligence on the plaintiffs behalf She claims that their breach of duty caused her to suffer a reduction in the value of her claim and a lesser settlement than she should have received from Delucco.
In count three, the plaintiff alleges that she hired John Haymond and Raymond Healey from Haymond Lundy Attorneys at Law or Haymond, Napoli 
Diamond, P.C., in 1999 to represent her in her claim against Delucco. The plaintiff makes similar allegations against Haymond and Healey that she makes against Dressier and Neistat and alleges that she suffered economic losses because of Haymond and Healey's breach of duty to use reasonable care. Counts four and five are claims against Haymond Lundy and Haymond, Napoli Diamond, respectively, and mirror the allegations in counts one, two and three.
On September 14, 2001, Haymond, Healey, Haymond Lundy, and Haymond, Napoli Diamond filed the present motion to strike the apportionment complaint on the ground that Connecticut does not recognize apportionment claims in legal malpractice actions. The defendants filed a memorandum of law in support of their motion. Neistat filed a memorandum in objection to the motion to strike dated October 15, 2001. He argues that the apportionment claim is sufficient and that public policy does not bar the claim. Haymond, Healey, Haymond Lundy, and Haymond, Napoli Diamond filed a reply memorandum in support of their motion to strike on November 7, 2001.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). Pursuant to Practice Book § 10-39(a), "[w]henever any party wishes to contest (I) the legal sufficiency of the CT Page 1942 allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof" "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v.Fusco Corp., 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "The court must construe the facts in the complaint most favorably to the plaintiff" (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v.BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
Haymond, Healey, Haymond Lundy, and Haymond, Napoli Diamond argue that the apportionment claim against them is legally insufficient because Connecticut does not recognize an apportionment action by a predecessor attorney against a successor attorney. Specifically, they argue that General Statutes §§ 52-102b and 52-572h do not allow apportionment claims where the plaintiff does not allege personal injury, wrongful death or property damage. They also argue that it is against public policy to allow a predecessor attorney to bring an apportionment claim against a successor attorney in a legal malpractice claim.
In response, Neistat argues that he can bring an apportionment claim against Haymond, Healey, Haymond Lundy, and Haymond, Napoli Diamond because the underlying injury that the plaintiff suffered in the automobile accident was a personal injury. Thus, Neistat argues that § 52-572h does not preclude his apportionment claim. Furthermore, he argues that public policy does not bar the claim. If the claim is not allowed, he argues, the defendants would be insulated from liability for malpractice.
General Statutes § 52-102b (a) provides in relevant part: "A defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiffs damages in which case the demand for relief shall seek an apportionment of liability." General statutes § 52-572h (c) provides: "In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section." CT Page 1943
The court has defined "damage to property" as "damage to or the loss of use of tangible property." Williams Ford, Inc. v. Hartford Courant Co.,232 Conn. 559, 583, 657 A.2d 212 (1995). The court has refused to extend property damage to include "commercial losses unaccompanied by physical damage to or loss of use of tangible property." Id., 584. Connecticut Superior Courts have relied on this interpretation of "damage to property," and have held that § 52-572h does not provide for the recovery of economic loss incurred as a result of legal malpractice. See, e.g., Gauthier v. Kearns, 47 Conn. Sup. 166, 780 A.2d 1016 (2001);Whitaker v. Erdos Maddox, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 371896 (November 14, 2000, Skolnick,J.). Thus, a plaintiff cannot make a claim to recover for purely economic loss occurring out of a legal malpractice claim.
In the present case, the plaintiff claims economic loss as a result of legal malpractice. She makes no claim for personal injury, wrongful death or property damage. As such, § 52-572h does not apply.
Neistat argues that § 52-572h applies because the plaintiffs underlying claim was a personal injury claim. The court rejected a similar argument in Whitaker, where the plaintiff hired the defendants to represent her in a medical malpractice action and, after having a nonsuit judgment entered against her, initiated a legal malpractice action against the defendants. The defendants thereafter filed an apportionment complaint against the plaintiffs current counsel, arguing that the plaintiffs underlying claim was for personal injuries resulting from medical malpractice; thus, § 52-572h applied. The court, however, stated that "the relevant injury is not the child-birth related injuries the plaintiff suffered as a result of medical malpractice action, but the injury the plaintiff allegedly suffered as a result of the defendant's legal malpractice. In the complaint, the plaintiff alleges that the defendant's negligence caused her to suffer economic loss. Clearly, this is not a claim for personal injury or wrongful death." (Emphasis in original.) Whitaker v. Erdos Maddox, supra, Superior Court, Docket No. 371896. Similarly, in the present cast, the relevant injury is the economic loss that allegedly resulted from the defendants' negligence not the personal injuries the plaintiff suffered from the automobile accident. Thus, since § 52-572h does not apply to economic loss, Neistat's argument fails.
Finally, Haymond, Healey, Haymond Lundy, and Haymond, Napoli 
Diamond argue that the apportionment claim fails because public policy does not allow predecessor attorneys to make apportionment claims against successor attorneys. "The Connecticut Supreme and Appellate courts have not ruled on the issue of whether public policy prohibits a former CT Page 1944 attorney from maintaining an apportionment claim against a successor attorney in a legal malpractice action." Id. In at least two recent cases, however, Superior Court judges have looked to California law in determining that public policy bars an apportionment claim against a successor attorney. See Gauthier v. Kearns, supra, 47 Conn. Sup. 176;Whitaker v. Erdos Maddox, supra, Superior Court, Docket No. 371896. "The public policy of California . . . is that successor counsel entering a case to correct the malpractice of prior counsel may not be made a party to a malpractice action by the defendant against the successor counsel. California's public policy is based upon the principle that an attorney must maintain undivided loyalty and independent judgment for a client; this is also true in Connecticut under Krawczyk v. Stingle,208 Conn. 239, 246, 543 A.2d 733 (1988)." Gauthier v. Kearns, supra,47 Conn. Sup. 176, 27 Conn.L.Rptr. 201.
A cause of action that would allow a predecessor attorney to make an apportionment claim against a successor attorney is against public policy. It is conceivable that such a claim could "destroy the attorney-client privilege, a privilege which is almost sacrosanct in Connecticut." Id. An apportionment claim between a predecessor and a successor attorney may put the successor attorney in the position where he or she cannot defend themselves without disclosing information protected by the attorney-client privilege. Id. Furthermore, "[t]o make an attorney liable for negligent confidential [advice] not only to the client who enters into a transaction in reliance upon the advice but also to the other parties to the transaction with whom the client deals at arms length would inject undesirable self-protective reservations into the attorney's counseling role. Gibson, Dunn Crutcher v. SuperiorCourt, [94 Cal.App.3d 347, 353, 156 Cal.Rptr. 326 (1979).]" Whitaker v.Erdos Maddox, supra, Superior Court, Docket No. 371896.
In support of his argument that the apportionment claim is sufficient, Neistat cites numerous cases from other jurisdictions. These cases are not binding on the court. This court is persuaded by the reasoning of other Connecticut Superior Court cases that hold that such a claim against a successor attorney cannot stand. Neistat argues that Connecticut's public policy regarding attorney-client privilege is irrelevant because the plaintiff has waived the privilege by putting her communications with her attorneys at issue. Even if this is true, however, Connecticut's public policy of protecting the attorney-client relationship is well established and prohibits any unnecessary inquiries into the communications between an attorney and a client. Moreover, as discussed previously, the apportionment complaint in this case also fails because of the type of loss the plaintiff suffered. Accordingly, the motion to strike the apportionment complaint is granted. CT Page 1945
 ___________________ Hennessey